UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL McCUNE,<br><br>        Plaintiff,<br><br>    v.<br><br>GOLD COUNTRY FOODS, INC., dba TACO BELL #19279; MOLAI PROPERTIES, LLC,<br><br>        Defendants. | No. 2:13-cv-01251-JAM-KJN<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS** |

    This matter is before the Court on Defendant Gold Country Foods, Inc.'s ("Defendant") Motion for Sanctions under Rule 11 of the Federal Rules of Civil Procedure (Doc. #27) against Plaintiff Michael McCune and his counsel, Lynn Hubbard, III, Scottlynn Hubbard, IV, and the Disabled Advocacy Group, APLC (collectively "Plaintiff's Counsel").[1]  Plaintiff and Plaintiff's counsel filed an Opposition (Doc. #29).  Defendant filed a Reply (Doc. #30).

///

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for June 4, 2014.

1

I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff is a C5-C6 quadriplegic who visited Defendant's store. Plaintiff filed the Complaint (Doc. #1) on June 24, 2013 alleging four causes of action against Defendant: (1) violation of the Americans with Disabilities Act of 1990 ("ADA"); (2) violation of the Disabled Persons' Act; (3) violation of the Unruh Civil Rights Act; and (4) denial of full and equal access to public facilities. Comp. ¶¶ 15-51. In total, Plaintiff identified eleven barriers, which he claimed violated the ADA.

Defendant brought a Motion for Summary judgment (Doc. #10-1), which included a request for sanctions pursuant to Rule 11, and Plaintiff brought a Cross Motion for Partial Summary Judgment (Doc. #11). In his response briefs, Plaintiff conceded that most of the barriers were rendered moot. The Court thus granted the motion as to those barriers. It found another alleged barrier regarding strike-side clearance in the restroom was rendered moot by Defendant's efforts.

The remaining alleged barriers all related to the placement of the toilet roll dispenser. In its Motion for Summary Judgment, Defendant argued that the barriers did not exist because Plaintiff was misstating the applicable guidelines and further that Plaintiff did not have standing to challenge the alleged barriers in the first instance because he could not physically transfer himself to the toilet. MSJ at pp. 4-5. Therefore, the barrier did not "relate" to his disability and he lacked standing to challenge it.

Plaintiff responded by reiterating that the dispenser's location was in violation of ADA guidelines and that although he

2

could not personally use the toilet, the placement of the dispenser interfered with his aide's ability to assist him. Opp. to MSJ at pp. 8-10.

The Court ruled that Plaintiff lacked standing to challenge the placement of the toilet roll dispensers and granted the motion as to those claims (See Doc. #18, 25-26). The Court then declined to exercise supplemental jurisdiction over the remaining state law claims. The Court also found that the request for sanctions pursuant to Rule 11 was not properly before the Court. Defendant then filed the current motion on April 30, 2014.

## II. OPINION

### A. Legal Standard

Rule 11 provides, in relevant part, that by presenting to a court a pleading, motion or other submission, an attorney certifies that to the best of his/her knowledge and belief, formed after an appropriate inquiry, that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing a new law . . . [and] the factual contentions have evidentiary support . . . ." Rule 11(b). "Rule 11 requires attorneys to conduct a reasonable inquiry into the law and facts before signing pleadings." Pickern v. Pier 1 Imports (U.S.), Inc., 339 F. Supp. 2d 1081, 1089 (E.D. Cal. 2004) (citing Business Guides v. Chromatic Enters., Inc., 498 U.S. 533, 542 (1991)).

### B. Discussion

Defendant contends that Plaintiff and his counsel violated

3

Rule 11.  Defendant argues that Plaintiff and his counsel purposefully mislead the Court about the applicable standards regarding the dispenser, adding that such claims had been made by Plaintiff's counsel and rejected in the past.  Defendant further contends that Plaintiff's counsel's legal arguments regarding standing are completely baseless and that it was not the first time Plaintiff's counsel has failed to properly assure standing before bringing ADA claims.

In opposition to this motion, Plaintiff first argues that the Rule 11 motion is procedurally deficient.  Specifically, Plaintiff claims the motion violates the "safe harbor" provision in Rule 11.  Rule 11(c)(2) provides that:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b).  The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.

The Advisory Committee Notes elucidate the purpose of this provision:

> These provisions are intended to provide a type of "safe harbor" against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refused to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation.  Under the former rule, parties were sometimes reluctant to abandon a questionable contention lest that be viewed as evidence of a violation of Rule 11; under the revision, the timely withdrawal of a contention will protect a party against a motion for sanctions.

Rule 11; Adv. Comm. Notes, 1993 Amend.

4

1	Defendant did indicate to Plaintiff and Plaintiff's counsel
2	throughout the litigation that it considered the claims baseless
3	as evidenced by the August 27, 2013 letter from Defendant's
4	attorney to Plaintiff's counsel (Doc. #27-1, Ex. A) and the
5	November 25, 2013 correspondence (Doc. #10-5, Ex. C) with
6	enclosed motion for summary judgment and sanctions from Defendant
7	to Plaintiff's counsel.  However, by the time the instant Rule 11
8	motion was properly presented to the Court, the Court had already
9	granted Defendant's Motion for Summary Judgment and dismissed the
10	remaining claims without prejudice.  A motion for sanctions after
11	the offending contentions have already been dismissed by the
12	Court fails to provide the "safe harbor" envisioned by Rule 11.
13	See Barber v. Miller, 146 F.3d 707, 710 (9th Cir. 1998).  The
14	Ninth Circuit has specifically found that "'a party cannot wait
15	until after summary judgment to move for sanctions under Rule
16	11.'"  Id. (citing Ridder v. City of Springfield, 109 F.3d 288
17	(6th Cir. 1997)); see also Rule 11; Adv. Comm. Notes, 1993 Amend.
18	("Given the 'safe harbor' provisions . . . a party cannot delay
19	serving its Rule 11 motion until conclusion of the case (or
20	judicial rejection of the offending contention)").

21	As Plaintiff argues, the instant motion differs materially
22	from the motion served on November 25, 2013.  The current motion
23	is replete with new arguments that Plaintiff was never given an
24	opportunity to review or respond to before the motion was
25	presented to the Court.  Accordingly, because Defendant failed to
26	satisfy the safe harbor requirement, the Court DENIES Defendant's
27	motion for sanctions under Rule 11.

28	While the Court has refused to award Rule 11 sanctions, as

1  Defendant points out in its reply brief, the Court also has the
2  power to require any attorney "who so multiplies the proceedings
3  in any case unreasonably and vexatiously" to cover the excess
4  costs, expenses and attorneys' fees incurred because of the
5  unreasonable conduct pursuant to 28 U.S.C. § 1927 or simply based
6  on its own inherent authority.  An award of sanctions under 28
7  U.S.C. § 1927 or the district court's inherent authority requires
8  a finding of recklessness or bad faith.  In re Keegan Management
9  Co., 78 F.3d 431, 436 (9th Cir. 1996); Barber v. Miller, 146 F.3d
10 at 711.
11     Although the Court agrees that Plaintiff's claims regarding
12 the toilet roll dispenser guidelines were questionable and the
13 legal contentions regarding standing lacked merit, it does not
14 find that an order requiring Plaintiff or his counsel to
15 compensate Defendant for its costs and attorneys' fees is
16 warranted.  See Strong v. Walgreen Co., 09CV611 WQH (BLM), 2009
17 WL 3711930, at *5 (S.D. Cal. 2009) (denying the plaintiff and his
18 counsel's, Lynn Hubbard, III, motion for summary judgment because
19 they had failed to establish the location of the toilet roll
20 dispenser was a violation of any law and failed to prove standing
21 to challenge bathroom barriers where the plaintiff could not
22 transfer to the toilet because he was a C-5 quadriplegic); Oliver
23 v. Ralphs Grocery Co., 07CV2301 JLS POR, 2012 WL 13709, at *3 &
24 n.4 (S.D. Cal. 2012) (declining to find the plaintiff and his
25 counsel's, Lynn Hubbard, III, claim regarding the applicable ADA
26 guidelines frivolous because the defendant failed to cite any
27 legal authority, despite the court's conclusion that the claim
28 lacked merit).  As noted by the Court at the February 5, 2014

hearing on the cross-motions for summary judgment, many of the allegations in the Complaint led Defendant to remediate possible barriers at its store. Moreover, other claims were not expressly addressed on their merits.  Therefore, despite the Court's decision to grant Defendant's motion for summary judgment on the ADA claim, it appears considerable concessions were obtained from Defendant and the state law claims remain to be litigated.  See Martinez v. Home Depot USA, Inc., CIVS 04-2272 RRB DAD, 2007 WL 2254432, at *3 & n.4 (E.D. Cal. 2007) (denying defendant's request for ADA fees against the plaintiff and his counsel, Lynn Hubbard, III, and Scottlynn Hubbard, IV, because it was difficult to determine what percentage of the defendant's counsel's work went toward addressing the frivolous rather than nonfrivolous claims).

    Accordingly, despite Plaintiff's counsel's history of misconduct and questionable pleadings in other cases, the Court declines to exercise its discretion to impose sanctions on Plaintiff's counsel in the instant case.  See In re Hubbard, 12-CV-1975-L WMC, 2013 WL 435945, at *6 (S.D. Cal. 2013) (finding Lynn Hubbard, III, had engaged in professional misconduct and imposing a one-year suspension from practicing law in the Southern District of California); Rush v. Denco Enterprises, Inc., EDCV 11-0030 DOC, 2012 WL 3206674, at *4 (C.D. Cal. 2012) (finding Lynn Hubbard, III, made a blatant misrepresentation to the court); Feezor v. Excel Stockton, LLC, CIV S 12-0156 KJM, 2013 WL 2485623, at *15-16 (E.D. Cal. 2013) (sanctioning Lynn Hubbard, III, for filing a motion to dismiss without factual support); Peters v. Winco Foods, Inc., 320 F. Supp. 2d 1035,

1040-41 (E.D. Cal. 2004) aff'd, 151 F. App'x 549 (9th Cir. 2005) (awarding fees to defendant against plaintiff and her counsel, Lynn Hubbard, III, finding their "troubling" and "remarkable litigiousness" "'brings into disrepute' the important objectives of the ADA").

Finally, even if this Court had found that sanctions were appropriate in this case, Defendant's failure to provide sufficient detailed information concerning the amount of attorneys' fees and costs that it incurred prevented the Court from properly determining the amount to be awarded.  Defendant's attorney should have submitted her firm billing records to the Court rather than a one paragraph summary in her declaration (Doc. #27-1). The evidence submitted by Defendant failed to demonstrate that the amount of sanctions being sought was reasonable.

### III.   ORDER

For the reasons set forth above, the Court DENIES the Defendant's Motion for Rule 11 Sanctions.

IT IS SO ORDERED.

Dated: June 18, 2014

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE